UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Grow Biz International, Inc., a Minnesota Corporation,

Plaintiff,

v.

MNO, Inc., a North Carolina corporation, Anne M. Mathias and Dean T. Mathias, an individual,

Defendants.

Civil File No. 01-1805 DWF/AJB

**STIPULATION AND ORDER TO SERVE AND FILE AMENDED COMPLAINT**

It is hereby stipulated between the parties, through their undersigned attorneys, that Plaintiff Grow Biz International Inc. may serve and file a First Amended Complaint in the form attached hereto on Exhibit A.

Dated: 1/22, 2002

**BRIGGS AND MORGAN, P.A.**

By: [signature]

Jeffrey J. Keyes (#55505)
Jay W. Schlosser (#204353)
2400 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 334-8400
Fax: (612) 334-8650

***Attorneys For Plaintiff, Grow Biz International, Inc.***

FEB 06 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: 1/23, 2002

**FAEGRE & BENSON, LLP**

By: ______________________
John P. Borger (#9878)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

***Attorney for Defendants MNO, Inc., Anne N. Mathias and Dean T. Mathias***

**IT IS SO ORDERED.**

Dated: Feb. 6, 2002

**BY THE COURT**

______________________
Donovan W. Frank
Judge of United States District Court



1369672v1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Winmark Corporation, formerly known as Grow Biz International, Inc., a Minnesota Corporation,

Plaintiff,

v.

MNO, Inc., a North Carolina corporation, Anne M. Mathias and Dean T. Mathias, an individual,

Defendants.

Civil File No. 01-1805 DWF/AJB

**AMENDED COMPLAINT**

**FOR ITS COMPLAINT** against Defendants MNO, Inc., Anne M. Mathias and Dean T. Mathias, Plaintiff Winmark Corporation, formerly known as Grow Biz International, Inc., states and alleges as follows:

**PARTIES**

1. Winmark Corporation, formerly known as Grow Biz International, Inc. ("Winmark") is a Minnesota corporation with its principal place of business at 4200 Dahlberg Drive, Suite 100, Minneapolis, Minnesota 55422-4837.

2. Defendant Anne M. Mathias is a citizen of the state of North Carolina. Her place of residence is in North Carolina.

3. Defendant Dean T. Mathias is a citizen of the State of North Carolina. His place of residence is in North Carolina.

4. Defendant MNO, Inc. ("MNO") is a corporation organized and existing under the laws of the state of North Carolina with a principal place of business in North Carolina.

**JURISDICTION and VENUE**

5. The Court's subject matter jurisdiction resides in 28 U.S.C. §1332. There is complete diversity of citizenship between the parties. The value of the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

6. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. §§1391 (a) of the Judicial Code.

**BACKGROUND**

7. On or about September 24, 1991, Winmark, through its predecessor Play It Again Sports Franchise Corporation, entered into a Franchise Agreement ("1991 Franchise Agreement") with John C. and Beverly Anne Downs (the "Downs"). Pursuant to this 1991 Franchise Agreement, the Downs were granted a limited license to operate a PLAY IT AGAIN SPORTS® store in conformity with the business system of franchisor Play It Again Sports Franchise Corporation at a single retail location. On or about August 24, 1994, Defendants entered into an Assignment and Consent Agreement with the Downs and Winmark. Pursuant to the Assignment and Consent Agreement, Defendants agreed to assume and perform all duties and obligations set forth in the 1991 Franchise Agreement. Defendants operated their franchise store at 6282-102 Glenwood Avenue, Raleigh, NC 27612 and was identified within the Winmark system store #10172.

8. On or about March 26, 1992, William A. Caster ("Caster") entered into a franchise agreement with Play It Again Sports Franchise Corporation (the "March 26, 1992 Franchise Agreement"). The March 26, 1992 Franchise Agreement granted Caster a limited license to operate a PLAY IT AGAIN SPORTS® store in conformity with the business system of franchisor Play It Again Sports Franchise Corporation at a single retail location. On or about March 18, 1999, Defendants entered into an Assignment and Consent Agreement with Cascott

Sports, Inc., Castor and Winmark. Pursuant to the Assignment and Consent Agreement, Defendants agreed to assume and perform all duties and obligations set forth in the March 26, 1992 Franchise Agreement. Defendants operate this store at 3530 S. College Road, Wilmington, NC 28412 and it is identified within the Winmark system as store #11183.

9. On or about March 30, 1992, Dean and Anne Mathias entered into a Franchise Agreement with Play It Again Sports Franchise Corporation (the "March 30, 1992 Franchise Agreement"). The March 30, 1992 Franchise Agreement granted the Mathiases a limited license to operate a PLAY IT AGAIN SPORTS® store in conformity with the business system of franchisor Play It Again Sports Franchise Corporation in a single retail location. The store is located at 1800-12 East Franklin Street, Chapel Hill, NC 27514 and is identified within the PLAY IT AGAIN SPORTS® system as store #10374.

10. In July 1993, Play It Again Sports Franchise Corporation's name was changed to Grow Biz International, Inc.

11. On or about August 4, 1994, Dean and Anne Mathias entered into a second franchise agreement with Winmark (the "1994 Franchise Agreement"). The 1994 Franchise Agreement granted the Mathiases a limited license to operate a PLAY IT AGAIN SPORTS® store in conformity with the business system of franchisor Winmark in a single location. The store is located at 245 Westwood Shopping Center, Fayetteville, NC 28314 and is identified within the Winmark system as store #10776.

12. On or about March 27, 1997, MNO entered into a franchise agreement with Winmark (the "1997 Franchise Agreement"). The 1997 Franchise Agreement granted MNO a limited license to operate a PLAY IT AGAIN SPORTS® store in conformity with the business system of franchisor Winmark in a single location. The store is located at 146 SW Greenville

Blvd., Suite 101, Greenville, NC 27834 and is identified within the Winmark system as store #11067. Dean and Anne Mathias signed a personal guaranty agreeing in guarantee the performance of all covenants and obligations in the 1997 Franchise Agreement and to be bound by every provision in the 1997 Franchise Agreement, including the non-compete provisions.

13. On or about January 8, 1999, MNO entered into a franchise agreement with Winmark (the "1999 Franchise Agreement"). The 1999 Franchise Agreement granted MNO a limited license to operate a PLAY IT AGAIN SPORTS® store in conformity with the business system of franchisor Winmark in a single location. The store is located at 9650 Strickland Road, Suite 149, Raleigh, NC 27615 and is identified within the Winmark system as store #11178. Dean and Anne Mathias signed a personal guaranty agreeing in guarantee the performance of all covenants and obligations in the 1999 Franchise Agreement and to be bound by every provision in the 1999 Franchise Agreement, including the non-compete provisions.

14. Each franchise agreement had a term of ten (10) years. During the term Defendants, pursuant to the language of the Franchise Agreement, had a license to use the name PLAY IT AGAIN SPORTS® and such other trade names, trademarks, service marks, logos and commercial symbols ("the Marks") designated by Winmark for use in connection with the business system. However, the Defendants' limited right to use the Marks ceased upon the expiration or termination of any of the franchise agreements. Article 3A of the 1991 Franchise Agreement states in its relevant part:

> The FRANCHISEE hereby acknowledges the validity of the marks, and acknowledges that they are the sole property of the FRANCHISOR.... The FRANCHISEE'S right to use and identify with the marks and business system shall exist concurrently with the term of the FRANCHISE AGREEMENT and only so long as FRANCHISEE is in complete compliance with the FRANCHISOR'S quality standards.

15. Plaintiff is the owner of the following federally registered trademarks:

A PLAY IT AGAIN SPORTS, U.S. Reg. No. 1,562,785, Registered October 24, 1989;

B PLAY IT AGAIN SPORTS AND DESIGN, U.S. Reg. No. 1,738,778, Registered December 8, 1992;

C PLAY SAFE PLAY HARD PLAY IT AGAIN PLAY IT AGAIN SPORTS, U.S. Reg. No. 1,950,617, Registered January 23, 1996;

D SPORTS EQUIPMENT THAT'S USED BUT NOT USED UP, U.S. Reg. No. 1,874,326, Registered January 17, 1995;

E PRO CUSTOM, U.S. Reg. No. 1,216,009, Registered November 9, 1982.

16. All of the foregoing registrations are in full force and effect. Each of these Marks was registered over five (5) years ago and is, therefore, now incontestable pursuant to 15 U.S.C. §1065. All right, title and interest to the Marks and the design, décor and image of PLAY IT AGAIN SPORTS® stores is vested solely in Winmark. Winmark and its franchisees have, for many years, spent vast sums of money advertising and promoting PLAY IT AGAIN SPORTS® stores and the products and services sold under the various Marks. As a result of this extensive advertising and promotion, valuable good will has been developed for the Marks and for the stores, products and services which bear the Marks and, thus, identify their sponsor and source.

17. All of the franchise agreements identified above contained an in-term non-compete provision which provided essentially as follows:

> <u>During Term</u>. The franchisee (and the Personal Guarantors) will not during the term of this franchise agreement, on their own account or as an employee, consultant, partner, officer, director, or shareholder of any other person, firm, entity, partnership or corporation, own, operate, lease, franchise, conduct, engage in, be connected with, have any interest in, or assist any person or entity engaged in any other sporting goods business, except with the prior written consent of the franchisor.

18. The 1991 Franchise Agreement expired on September 24, 2001. Prior to the expiration of the Franchise Agreement, Winmark attempted to renew the franchise with the Defendants, however, Defendants refused to execute a new franchise agreement.

19. The 1991 Franchise Agreement contained the following post-term covenant not to compete by franchisee:

> Article 17B:
>
> After Termination. The FRANCHISEE (and the Personal Guarantors) will not, for a period of one (1) year after the expiration or termination of this FRANCHISE AGREEMENT (except for a termination as a result of a FRANCHISOR'S breach), on their own account or as an employee, consultant, partner, officer, director, or shareholder of any other person, firm, entity, partnership or corporation, own, operate, lease, franchise, conduct, engage in, be connected with, have any interest in or assist any person or entity engaged in any sporting goods business which is located at the FRANCHISED LOCATION or within a six (6) mile radius of the FRANCHISED LOCATION or any PLAY IT AGAIN SPORTS business. The FRANCHISEE expressly agrees that the one (1) year period and the six (6) mile radius are the reasonable and necessary time and distance needed to protect the FRANCHISOR if this FRANCHISE AGREEMENT expires or is terminated for any reason.

20. Article 16 of the 1991 Franchise Agreement required the Defendants to abide by the following post-termination obligations:

> Post Term Duties. In the event this FRANCHISE AGREEMENT is terminated for any reason other than a termination as a result of a breach by FRANCHISOR, then the FRANCHISEE will (1) within five (5) days after termination, pay all amounts due and owing to the FRANCHISOR under this FRANCHISE AGREEMENT; (2) return to the FRANCHISOR by first class prepaid United States mail the Operations Manual and any other manuals, advertising materials, and all other printed materials pertaining to the operation of the licensed business; (3) assign to the FRANCHISOR the telephone number for the PLAY IT AGAIN SPORTS® store; and (4) comply with all other applicable provisions of this FRANCHISE AGREEMENT, including the non-compete provisions. Upon termination of this FRANCHISE AGREEMENT for any reason, the FRANCHISEE's right to use

the name "PLAY IT AGAIN SPORTS" and the other marks and the business system shall terminate immediately.

21. Winmark representatives have checked on the status of the Defendants' compliance with the post-termination obligations set forth in the 1991 Franchise Agreement. Winmark learned that Defendants' store located at 6282-102 Glenwood Avenue, Raleigh, NC, is still open and is being operated as a sporting goods store by the Defendants, utilizing the PLAY IT AGAIN SPORTS® trademarks and tradename. Defendants have failed to assign to Winmark the telephone number pertaining to the store operated pursuant to the 1991 Franchise Agreement.

**FIRST CAUSE OF ACTION**

**Breach of Contract**

22. Plaintiff realleges paragraphs 1 through 21 of this Complaint.

23. Through their continued operation of a sporting goods store in Raleigh, North Carolina, Defendants are in breach of Paragraph 17B of the 1991 Franchise Agreement, which sets forth the post-term covenant not to compete.

24. As a result of Defendants actions, Plaintiff is entitled to an injunction to fully enforce the provisions of the post-term covenant not to compete set forth in the 1991 Franchise Agreement.

**SECOND CAUSE OF ACTION**

**Breach of Contract**

25. Plaintiff realleges paragraphs 1 through 24 of this Complaint.

26. Defendants have breached the in-term non-compete provisions set forth in the March 26, 1992 Franchise Agreement, the March 30, 1992 Franchise Agreement, the 1994 Franchise Agreement, the 1997 Franchise Agreement and the 1999 Franchise Agreement by operating and/or being associated with a sporting goods store in Raleigh, North Carolina.

27. As a result of Defendants' actions, plaintiff is entitled to an injunction to fully enforce the provisions of the in-term non-compete clause set forth in the various franchise agreements entered into by the Defendants.

**THIRD CAUSE OF ACTION**

**Breach of Contract**

28. Plaintiff realleges paragraphs 1 through 27 of this Complaint.

29. Defendants have breached Article 16 of the 1991 Franchise Agreement by failing to fully comply with all aspects of the post-termination obligations set forth therein.

30. As a result of Defendants' actions, Plaintiff is entitled to an injunction to fully enforce the post-termination obligations as set forth in Article 16 of the Franchise Agreement.

**WHEREFORE**, Plaintiff, Winmark Corporation, formerly known as Grow Biz International, Inc. demands that the Court enter judgment as follows:

1. preliminary and permanent injunctive relief providing that:

a. Defendants shall not make in any manner whatsoever any statement or representation, or perform any act, likely to lead members of the public to believe that Defendants' business is in any manner, directly or indirectly, associated, affiliated, or connected with, or licensed, sponsored, authorized or approved by Winmark;

b. Defendants shall: (i) remove, at their own expense, from both outside and within the premises at 6282-102 Glenwood Avenue, Raleigh, North Carolina 27612 all signage, posters or materials of whatsoever kind displaying, depicting or using the PLAY IT AGAIN SPORTS® mark or any other mark of Winmark or identifying the premises as a PLAY IT AGAIN SPORTS® store; (ii) return to Winmark by first-class, pre-paid United States mail the operations manual and any other manuals, advertising materials,

and all other printed materials pertaining to the operation of the PLAY IT AGAIN SPORTS® store; (iii) assign to Winmark the telephone number for the PLAY IT AGAIN SPORTS® store which Defendants has operated at 6282-102 Glenwood Avenue, Raleigh, North Carolina 27612; and (iv) fully comply with all post-termination obligations contained in the 1991 Franchise Agreement;

c. Defendants shall fully comply with the terms of Article 17B of the Franchise Agreement by not, directly or indirectly, for one year engaging in any sporting goods business at 6282-102 Glenwood Avenue, Raleigh, North Carolina 27612 or within a six-mile radius of that location or any other PLAY IT AGAIN SPORTS® business; and

d. Defendants shall fully comply with the in-term non-compete provisions set forth in the March 26, 1992 Franchise Agreement, the March 30, 1992 Franchise Agreement, the 1994 Franchise Agreement, the 1997 Franchise Agreement and the 1999 Franchise Agreement.

2. Awarding Winmark Corporation its costs, expenses, disbursements and attorney's fees in this action; and

3. Such other relief as the Court deems just and equitable.

Dated: __________________, 2002

**BRIGGS AND MORGAN, P.A.**

By: ______________________________

Jeffrey J. Keyes (#55505)
Jay W. Schlosser (#204353)
2400 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 334-8400
Fax: (612) 334-8650

***Attorneys For Plaintiff, Winmark Corporation, formerly known as Grow Biz International, Inc.***



1330769v2